MARTIN, Circuit Judge,
concurring.
After thorough consideration of this difficult case, Judge Wilson and I have come to the view that Derrick Anthony DeBruce is entitled to habeas relief. This is quite a serious thing, as Mr. DeBruce has been sentenced to death by the State of Alabama. The federal statutory scheme put in place by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was intended to, and does give great deference to the judgment of a State court decision that adjudicated a federal claim on the merits. See 28 U.S.C. § 2254(d). As it should. “AEDPA recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights.” Burt v. Titlow, — U.S. -, -, 134 S.Ct. 10, 15, 187 L.Ed.2d 348 (2013). At the same time, the Supreme Court has admonished federal judges that, “[e]ven in the context of federal habeas, deference does not imply abandonment or abdication of judicial review. Deference does not by definition preclude relief.” Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S.Ct. 1029, 1041, 154 L.Ed.2d 931 (2003).
None of the three judges on this panel takes this case lightly.[1] On the one hand, Mr. DeBruce was convicted of killing an innocent man named Doug Battle, who did nothing more than happen by the Auto-Zone Store in Talladega, Alabama on August 16, 1991. On the other hand, Mr. DeBruce is himself set to die as a result his conviction for killing Mr. Battle. None of the cases involving inmates who are sentenced to death are easy, and Mr. De-Bruce’s case is no exception. It was filed in our court about three and one-half years ago on April 6, 2011. Four judges of our court have considered the case during the time it has been pending here. It came from the Northern District of Alabama, where it was filed on September 7, 2004, and stayed pending for more than six years.
I write separately because I feel I must respond to the dissenting opinion, and specifically Judge Tjoflat’s repeated statements that Judge Wilson and I “invented] some facts,” “embellish[ed] the record,” exhibited a “lackadaisical relationship with the evidence,” and “disregard[ed] AED-PA” in deciding this case. See Dis. Op. at 1281, 1280-81, 1281, 1281. Judge Tjoflat is a nationally known and admired judge who has served as a member of the federal judiciary since 1970, and as a judge for the State of Florida before that. He is not only admired nationally, he is also admired by Judge Wilson and me. Our work would *1280 be much quicker, easier and happier if Judge Wilson, Judge Tjoflat and I all agreed on how the law applies to this case — and every other case, for that matter. But if we do our jobs properly, it is inevitable that we will have disagreements. And we disagree here. That being the case, it is incumbent upon each of us, as a part of this difficult process, to lay out how we understand the law to apply to the specifics of Mr. DeBruce’s case. Each of us has honestly assessed this case to the best of our ability, and the opposing views expressed in our respective opinions were reached through a sincere effort to properly perform the role required of us as judges of this Court.

. In the same way, we fully recognize that the judges in Alabama, including Justice Wise (a member of the Alabama Court of Criminal Appeals at the time she considered Mr. De-Bruce’s case) gave a high level of consideration to Mr. DeBruce's case. The dissent says that Judge Wilson and I are "eager[] to assume” that Justice Wise is a “dolt.” See Dis. Op. at 1307. Quite to the contrary, we respect and appreciate the Justice’s devotion to the demanding work of our profession in general, and Mir. DeBruce’s case in particular.